No. 2040.—BANK OF LOUISIANA v. D. P. WILLIAMS and Wife.

An engagement by one party to pay a certain amount of money to another at a given time, secured by mortgage on real estate, falls under the class or denomination of promissory, notes, and is prescribed by the lapse of five years from maturity.

APPEAL from the Thirteenth District Court, parish of Concordia. *Hough*, J. *Mellen*, for plaintiffs and appellants. *Mayo & Spencer*, for defendants.

HOWELL, . J. The plaintiffs have appealed from a judgment sustaining the plea of prescription of five years to the following instrument, as a non-negotiable promissory note, to wit:

"STATE OF LOUISIANA—PARISH OF CONCORDIA.

" We, the undersigned, David Percy Williams and Mistress Elizabeth Matilda Gillespie, his wife, of the parish of Concordia, State of Louisiana, acknowledge ourselves jointly and severally indebted unto the ' President, directors and company of the Bank of Louisiana,' in the full sum of thirty thousand dollars ($30,000), being for a loan of money this day made to us by the said corporation, the amount of which we confess to have received. Which said sum of thirty thousand dollars we do, for ourselves, our heirs, executors and administrators, bind ourselves jointly and severally to the said president, directors and company of the Bank of Louisiana, punctually to pay in one year from this date, and to comply with all the conditions of the mortgage this day made by us, and also with the obligations of the charter of the said bank.

" In testimony whereof we hereto subscribe our names, on this twenty-eighth day of April, A. D. eighteen hundred and fifty-seven.

"DAVID PERCY WILLIAMS,
"ELIZABETH MATILDA GILLESPIE.

" Witnesses :

"W. R. C. VERNON,
"A. G. TYLER.
"by HENRY BASIL SHAW, Attorney."

(Paraphed) " *Ne variatur.*
"CHAS. S. FRENCH, Notary Public.

"VIDALIA, April 28, 1857."

By law, " all promissory notes, whether the same be negotiable *or otherwise*, shall be prescribed in five years." C. C. art. 3505 ; Act 1852, p. 90, § 3.

More than five years having elapsed between the maturity of the

above instrument and the institution of this suit, without any legal interruption of the prescription pleaded being shown, the inquiry presented is, whether or not said instrument is, in contemplation of law, a promissory note. The plaintiffs contend that it is a bond and prescribed in ten years.

Without going into an investigation of the nature and classes of bonds existing at common law, it is sufficient to say that, in our law, bonds seem to be written obligations, which are dependent on some contingency, and are specially provided for; while the instrument in suit possesses all the essential attributes of a promissory note, which are, in no legal sense, affected by any other stipulations or recitals embodied in it.

A promissory note is defined to be "a written engagement by one person to pay another person, therein named, absolutely and unconditionally, a certain sum of money at a time specified therein." Story on Notes § 1; Byles on Bills, p. 3. "It must contain a legal promise for the certain payment of a certain sum, and the maker and the payee must be designated with sufficient certainty. * * * If to a receipt for money, the words 'to be returned when called for' are added; if the signer of an instrument acknowledges in it that a certain sum of money is borrowed on the promise of payment thereof; or that a certain sum was received of A to be repaid on demand with interest, such instruments are held to be promissory notes. * * * A note need not contain the words 'promise to pay,' if there are other words of equivalent import." Parsons on Notes, vol. 1, pp. 33, 34.

In the document before us the signers bind themselves to pay, in one year from its date, to the president, directors and company of the Bank of Louisiana, the sum of thirty thousand dollars, money loaned to and received by them.

The further stipulations, "to comply with the conditions of the mortgage and also with the obligations of the charter of said bank," impose no condition and propose no contingency on which payment is to depend, but recognize accessory obligations contracted or enacted for the security of the payment, and their omission would not have impaired the obligation to pay the money.

The instrument sued on being an unconditional engagement to pay a certain sum of money, cannot be classed among the personal actions which by the Code are prescribed in ten years; nor is it a mortgage, but the written evidence of a debt secured by a mortgage executed before a notary public.

We conclude that the judge a quo did not err in applying the prescription of five years.

Judgment affirmed.